IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
(Southern Division)

| | |
|---|---|
| **GREGORY PAYTON JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25cv297LG-MTP |
| ) | |
| **CHEVRON U.S.A., INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Gregory Payton Jr. ("Plaintiff" or "Mr. Payton"), by and through the undersigned counsel, sues Defendant Chevron U.S.A., Inc. ("Defendant" or "Chevron") for years of discrimination (disability, national origin, race, sexual orientation and sex), retaliation and a hostile work environment, and alleges as follows:

**NATURE OF THE CASE**

This action seeks declaratory, injunctive, and equitable relief, along with monetary damages, to address Defendants' unlawful employment practices against the Plaintiff. These include discriminatory treatment and harassment based on his race and sexual orientation, as well as unlawful retaliation after he raised concerns about discrimination at work, violating Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

**JURISDICTION & VENUE**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981.

2. Personal jurisdiction is proper over the Defendant because it resides, works, and oversees individuals who work and have their principal place of business within Jackson County.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims in this Complaint occurred in this District and because Defendant is subject to the Court's personal jurisdiction in this District.

4. Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. § 1981a.

5. All prerequisites to filing suit have been met.

**THE PARTIES**

6. Plaintiff Gregory Payton Jr. is an African American male who resides in D'Iberville, Mississippi. He was an employee of the Defendant in Pascagoula, Mississippi, at all times relevant to this litigation.

7. Defendant Chevron U.S.A., Inc. is a California company licensed to do business in the State of Mississippi, and at all times relevant to this action, Defendant was the employer of Plaintiff with the meaning of Title VII and § 1981.

**STATEMENT OF CLAIMS**

8. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Plaintiff's EEOC charge arises out of many of the same facts alleged herein that pertain to her Section 1981 retaliation claim.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Plaintiff is an African American male of Puerto Rican descent. Plaintiff is of LGBTQ+ orientation. Plaintiff describes himself as an African-American, homosexual male.

11. Plaintiff was hired sometime in 2015. He excelled in his role as a sulfur-plant operator, repeatedly seeking advanced "shutdown" assignments. Despite qualifications, Plaintiff—solely because of his race—was routinely passed over for projects and promotions in favor of less-qualified white employees.

12. He endured racial slurs, mocking comments, and a pervasive atmosphere of hostility that was never remedied. When Plaintiff complained internally, Chevron managers ignored or minimized his concerns and then terminated him, falsely accusing him of misconduct.

13. Plaintiff later discovered co-workers had engaged in overtly obscene and humiliating acts directed at him—a further manifestation of the hostile environment.

14. Following his complaint, Plaintiff suffered anxiety and emotional distress, for which he sought medical treatment.

15. Plaintiff has served as an operator at a sulfur plant for over six years. Since his first year, he has persistently submitted requests to participate in shutdowns and various other projects. However, Plaintiff was granted the opportunity to work on only two distinct projects and was never involved in any shutdown operations. Plaintiff was offered an administrative position, without a pay increase, as a prerequisite for working a shutdown operation. Working in an administrative position is not a requirement to be chosen for a shutdown.

16. Several employees have worked shutdowns and are known never to have held an administrative position before. When the Plaintiff discussed with management the possibility of working shutdowns, he observed that two trainees with no prior experience and less qualification

than him were given the opportunity. However, those trainees were white. Plaintiff repeatedly reported this type of mistreatment, but no corrective action was ever implemented.

17. Discriminatory practices prevented Mr. Payton from receiving opportunities for advancement at Chevron, subjected him to relentless harassment by other employees, and ultimately resulted in his termination from the facility.

18. Mr. Payton's interest in pursuing opportunities at Chevron was acknowledged by his supervisors. Mr. Payton asserts that such opportunities were allocated to white employees with lesser qualifications instead.

19. Mr. Payton informed Chevron that he was being harassed by his co-workers. He has numerous recordings of white employees and managers engaging in hate speech against gay and Black people and employees. Specifically, he overheard conversations demeaning employees who attended Gay Pride weekend, inappropriate discussions insulting Trans children and mentioning they should be shot, and also remarks that other Black employees should return to the country they came from.

20. This mistreatment significantly contributed to the Plaintiff's decision to take an extended leave of absence in order to recover both his mental and physical health, highlighting the serious impact of such conduct.

21. After making complaints to Chevron and not receiving any results, Mr. Payton set up a camera in his locker. This camera captured video of a co-worker proceeding to take out his penis, masturbate, and ejaculate onto Mr. Payton's shoes.

22. When Mr. Payton presented the footage to management, they feigned ignorance, claiming the perpetrator was unrecognizable and the evidence was unclear. However, the footage clearly identified the individual. Mr. Payton explicitly informed management about the person's

**ORIGINAL COMPLAINT**                                   4

identity, emphasizing that he was racist and homophobic. Despite this, management failed to take any action against the coworker. Instead, they unjustly terminated Mr. Payton on May 17, 2023, falsely accusing him of exposing his penis and recording others in the locker room—allegations that are baseless, as he was merely recording his own locker. Defendant also falsely claimed that Mr. Payton's termination was based on the fact that he could not identify the perpetrator. Such treatment highlights a failure to address serious issues of discrimination and retaliation, raising questions about the Defendant's commitment to a safe and fair workplace.

23. After filing discrimination complaints at the refinery, Mr. Payton was terminated under the false pretext of inappropriate behavior. In reality, he had been consistently harassed by his coworkers.

24. As a consequence of persistent harassment, Mr. Payton is experiencing psychological distress. He has been prescribed medication to help alleviate his anxiety, which is directly associated with the mistreatment he endured at Chevron.

## DISCRIMINATION, HOSTILE WORK ENVIRONMENT AND RETALIATION CLAIMS IN VIOLATION OF SECTION 1981

25. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein.

26. Section 1981 guarantees the right to "make and enforce contracts" free of racial discrimination. An employment relationship is a contractual right. Defendant's refusal to give Plaintiff advancement opportunities and its termination of his employment on pretextual grounds deprived him of the benefits and privileges of his employment contract because of his race.

27. The Defendant further infringed upon Section 1981 by subjecting the Plaintiff to unjust treatment in the workplace, including, but not limited to, denial of advancement opportunities at Chevron compared to his white colleagues, assignment of degrading tasks,

**ORIGINAL COMPLAINT**                                5

exposure to derogatory remarks and disruptive conduct, and unequal compensation relative to his white counterparts. Such treatment was attributable to the Plaintiff's racial background.

28. The repeated racial insults, demeaning assignment of work, and the obscene locker-room incident created an environment "permeated with discriminatory intimidation, ridicule, and insult" that altered the conditions of Plaintiff's employment. Defendant knew or should have known of the harassment and failed to take prompt remedial action.

29. Section 1981 prohibits retaliation against an employee who "has opposed any practice made an unlawful employment practice" under § 1981.

30. After Plaintiff complained of race-based harassment and denial of advancement, Defendant subjected him to intensified hostility, false misconduct allegations, and ultimately wrongful termination. These actions were materially adverse and causally connected to his protected complaints. Defendant further alleges retaliation for his protected complaints and opposition to employees' discriminatory comments on the basis of race and ethnicity, by, inter alia, terminating Plaintiff's employment with the Company.

31. Defendant intentionally, willfully, and wantonly retaliated against Plaintiff in response to his complaints of discrimination and unfair practices.

32. As a direct and proximate result of Defendant's unlawful conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

33. As a direct and proximate result of Defendant's unlawful conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety,

loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

34. Defendant's unlawful conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court enter an award and judgment in his favor, and against Defendant as follows:

(a) awarding Plaintiff all expenses and costs, including attorneys' fees, incurred in connection with this action from Defendant;

(b) a declaratory judgment finding that the actions of Defendant violate Plaintiff's rights protected § 1981;

(c) An injunction and order permanently restraining Defendant from such unlawful conduct as outlined in this complaint;

(d) an order requiring Defendant to make Plaintiff whole by awarding him back-pay, compensatory, punitive, emotional, and/or nominal damages;

(e) an order directing Defendants to take such affirmative steps necessary to remediate past discrimination; and

(f) such other and further relief as the Court deems appropriate or that is necessary to make the Plaintiff whole.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Date:   October 7, 2025

                                                 Respectfully submitted,

                                                 */s/ Keith B. French*
                                                 Keith B. French
                                                 MS Bar #:104628

**Keith B. French Law, PLLC**
401 E. Capitol St, Suite 515
Jackson, MS 39201
kfrench@peoplefirstfirm.com
Tel: 601-376-9306
Fax: 832-243-1927

*s/Ahmad R. Smith*
Ahmad R. Smith, MSB# 104595
A.R. SMITH LAW, PLLC
Post Office Box 16392
Jackson, Mississippi 39236
ahmad@arsmithlaw.com
(769) 208-6679 (telephone)

**ATTORNEYS FOR PLAINTIFF**