**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**GREGORY PAYTON, JR.** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:25-cv-297-LG-MTP**

**CHEVRON U.S.A., INC.** **DEFENDANT**

# ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Extend Deadlines [44]. On February 24, 2026, the Court entered a Case Management Order [21] setting the case deadlines and trial of this matter. Currently, the discovery deadline is September 9, 2026, and the motions deadline is September 23, 2026.

On August 11, 2026, Plaintiff filed the instant Motion [44] requesting 60-day extensions of the discovery and motions deadlines, as well as a continuance of the settlement conference set for September 10, 2026. According to Plaintiff, "additional discovery remains necessary for the parties to fully develop their respective claims and defenses." *See* [44] at 1. Plaintiff does not identify any remaining written discovery but specifically notes that the depositions of Plaintiff, Defendant, and Defendant's expert witnesses have not been completed. *Id*. Defendant opposes the Motion [44]. *See* Response [50].

The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Case deadlines can be modified only by order of the Court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record. *See* Case Management Order [14]; Fed. R. Civ. P. 16(b)(4). The good cause standard "require[s] the movant to show that the deadline cannot be met despite the diligence of the party needing the extension." *Puig v.*

*Citibank, N.A.*, 514 Fed. App'x 483, 487-88 (5th Cir. 2013) (citation and quotation omitted). In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791.

In his Reply [44], Plaintiff notes that the parties have participated in discovery conferences with the Court, Defendant did not designate its expert witnesses until August 7, 2026,[1] and Defendant supplemented its production of documents on August 14, 2026. These do not constitute sufficient justification for the failure to complete any deposition before now. And, regardless of the parties' prior efforts, more than two weeks remain before the close of discovery, and Plaintiff does not explain why the parties are unable to complete any necessary depositions by that time.[2] Moreover, contrary to Plaintiff's assertion, the requested extensions cannot be granted without affecting the trial setting, and a continuance is not warranted based on the current record.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Extend Deadlines [44] is DENIED without prejudice to any parties' right to request a brief extension of the case deadlines for the limited purpose of allowing specific depositions.

---

[1] The Court notes that the expert designation deadlines were extended in response to Plaintiff's Motion to Extend Expert Designation Deadline. *See* Motion [26]; June 12, 2026, Text Only Order.

[2] The Court acknowledges Defendant's statement "that circumstances may require a small number of depositions be taken a few days after the discovery deadline." *See* [50] at 4. The Court, however, has not been presented with a request for a modest extension of the discovery deadline to complete *specific* depositions on *specific* dates.

SO ORDERED this the 21st day of August, 2026.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE